UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH C. PAULSEN,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. C14-1240RSM<br><br>ORDER ON SOCIAL SECURITY DISABILITY |

## I.   INTRODUCTION

Plaintiff, Keith C. Paulsen, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income disability benefits, under Title II and Title XVI of the Social Security Act. This matter has been fully briefed and, after reviewing the record in its entirety, the Court REVERSES the Commissioner's decision and REMANDS the matter back for additional proceedings.

---

[1] While Mr. Paulsen's attorney refers to Plaintiff as "Kenneth L. Paulsen," this matter was filed by Keith C. Paulsen, the administrative record pertains to Keith C. Paulsen, the administrative decisions refer to Keith C. Paulsen, and the documents in the administrative record referring to Keith C. Paulsen reflect the facts and circumstances discussed in Plaintiff's briefing. *See* Dkts. #10, #13, #14 and #15. Thus, the Court presumes that Plaintiff's attorney has inadvertently referred to Plaintiff by the wrong name, and the Court will refer to Plaintiff as Keith C. Paulsen in its Order. *See* Dkts. #13 and #15.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

## II. BACKGROUND

On August 23, 2011, Plaintiff filed an application for Supplemental Security Income disability benefits (SSI), alleging disability beginning December 1, 2008. Tr. 13. Plaintiff's claims were denied initially and on reconsideration. *Id.* On October 10, 2012, Administrative Law Judge ("ALJ") Mary Gallagher Dilley held a hearing with Plaintiff. Tr. 32-63. Plaintiff was represented by counsel, Anne Kysar. *Id.* Vocational Expert ("VE") Paul Prachyl was also present. *Id.* On December 28, 2012, the ALJ found Plaintiff not disabled. Tr. 13-27. Plaintiff requested administrative review of the ALJ's decision, and on June 25, 2014, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. 1-6. Plaintiff timely filed this judicial action.

## III. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it

may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V. EVALUATING DISABILITY

As the claimant, Mr. Paulsen bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the

national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his

---

[2] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

A claimant is not entitled to disability benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42U.S.C. § 423(d)(2)(C). Where drug or alcohol abuse is implicated in a disability proceeding, an ALJ must first conduct the five-step sequential evaluation process without separating out the impact of alcoholism or drug addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the ALJ does find the claimant to be disabled and there is medical evidence of the claimant's drug addiction or alcoholism, then the ALJ must apply the sequential-evaluation process a second time (the "DAA analysis") to determine whether plaintiff would still be disabled if he or she stopped using drugs and alcohol. *Id.* "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1535(b). Plaintiff bears the burden of proving that drug and alcohol abuse ("DAA") is not a contributing factor material to his disability by establishing that his disability continues to be severe even in periods of sobriety. *Id.*

## VI.   ALJ DECISION

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 5

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:** Mr. Paulsen had not engaged in substantial gainful activity since August 23, 2011, the application date.  Tr. 15.

**Step two:** Mr. Paulsen had medical impairments that caused more than a minimal effect on his ability to perform basic work activities.  Specifically, he suffered from the following "severe" impairments: alcohol abuse; anxiety disorder; major depressive disorder; and post traumatic stress disorder ("PTSD").  Tr. 15.

**Step three:** These impairments meet sections 12.04, 12.06, and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 16.  The ALJ further found that if Mr. Paulsen stopped the substance abuse, he would continue to have a severe impairment or combination of impairments.  Tr. 17.  However, she also found that if Mr. Paulsen stopped the substance abuse, he would not have an impairment or combination of impairments that meet any of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 18.

**Residual Functional Capacity:** If he stopped the substance use, Mr. Paulsen had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: he must avoid concentrated exposure to hazards; he is able to work with coworkers and supervisors but not in a team environment; he is limited to routine tasks with no contact with the public.  Tr. 19.

**Step four:** If he stopped his substance use, Mr. Paulsen would be unable to perform his past relevant work as a Drafter.  Tr. 25-26.

**Step five:** If Mr. Paulsen stopped his substance use, and considering Plaintiff's age, education, work experience, and RFC, there would be a significant number of jobs in the

---

[3] 20 C.F.R. §§404.1520, 416.920.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 6

national economy that Mr. Paulsen could perform, such as industrial cleaner and small production assembly; therefore, he was not disabled. Tr. 26-27.

## VII.  ISSUES ON APPEAL

Plaintiff challenges the ALJ's evaluation of and weight accorded to the medical opinions of Drs. Fukuda, Neims and Kester. Additionally, Plaintiff argues that the ALJ did not properly evaluate his credibility.

## VIII.  DISCUSSION

### A. The ALJ's Assessment of the Medical Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 7

itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id*. at 830-31; *Tonapetyan*, 242 F.3d at 1149. "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 8

substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

In this case, Plaintiff argues that the ALJ failed to give proper weight to, or provide sufficient reasons for rejecting, the opinions and findings of Drs. Fukuda, Neims and Kester, and improperly evaluated his (Plaintiff's) credibility. For the reasons discussed herein, the Court agrees.

    *1.   Plaintiff's Treating Psychiatrist Dr. Yuko Fukuda*

Dr. Yuko Fukuda has been Plaintiff's treating psychiatrist since at least 2008. Tr. 331. She performed psychological evaluations of Plaintiff in October 2010, December 2010, and March 2012. Tr. 460-475. In her October 2010 evaluation, Dr. Fukuda observed that Mr. Paulsen had been sober since 2008 but nevertheless continued to experience significant anxiety-related symptoms. Tr. 472. She noted that his anxiety severely impaired his ability to work. Tr. 471. She added that his marked irritability and markedly impaired concentration would also cause "[v]ery significant interference" with his ability to perform basic work-related activities. *Id.* In terms of specific functional limitations, Dr. Fukuda found that Mr. Paulsen would be unable to tolerate the pressures and expectations of a normal work setting. Tr. 473. He was also markedly limited in his ability to relate appropriately to co-workers, supervisors, and the general public. *Id.* Finally, he had significant limitations in his ability to exercise judgment, make decisions, and maintain appropriate behavior in a work setting. *Id.* Dr. Fukuda concluded that Mr. Paulsen "would not be able to tolerate the pressures of working full-time." Tr. 474. Her December 2010 evaluation reflects the same conclusions. Tr. 464-69. Plaintiff argues that the ALJ improperly gave those opinions little weight because she did not explain why she rejected the opinions.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 9

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Also according to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

In this case, a review of Dr. Fukuda's medical evaluations reveal that her opinion is not more heavily based on Mr. Paulsen's self-reports than on her own clinical observations. Moreover, the ALJ miscited the record with respect to a number of her credibility determinations. *See*, *e.g.*, Tr. 22-23, 343 and 497. As a result, the Court finds that the ALJ improperly weighed Dr. Fukuda's opinions, which constitutes error.

*2.  DSHS Psychologist Daniel Neims*

Plaintiff next argues that the ALJ erred by failing to provide specific, legitimate reasons for rejecting the opinion of DSHS psychologist, Daniel Neims, Psy.D. Dr. Neims had diagnosed Mr. Paulsen with not only depressive and anxiety disorders, but also with personality

disorder NOS with avoidant and paranoid features. Tr. 247. Significantly, Dr, Neims noted that there was no evidence of current alcohol use at that time, that there were no mental health symptoms affected by drug or alcohol use, and that alcohol or drug treatment would not be likely to improve his ability to function in the work setting. *Id.* He further noted that it was unclear whether mental health treatment would improve Mr. Paulsen's ability to work for pay in a regular and predictable manner, and characterized him as "Seriously Disturbed" under RCW 71.24.035, the Community Mental Health Services Act. Tr. 249.

The ALJ gave little weight to Dr. Neims' opinion, primarily because she believed it was based on the claimant's subjective report, and she did not find the claimant fully credible, and because the evidence predated Mr. Paulsen's application date. Tr. 24. She also chastised Mr. Paulsen for failing to tell Dr. Neims that he used marijuana, which information she apparently gathered from a report to the VA hospital one year later. *Id.*

As an initial matter, the ALJ improperly dismissed Dr. Neims' opinions on the basis that they were only based on Mr. Paulsen's subjective reports. *Ryan v. Comm'r of Soc. Servcs.*, 538 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). A review of the record demonstrates that Dr. Neims visually observed symptoms supporting his opinions, was able to analyze his affect, appearance, and thought process upon examination, and conducted several psychological examinations. Tr. 245-262.

With respect to Mr. Paulsen's alleged failure to inform Dr. Neims of his marijuana use, the reference relied upon by the ALJ is more than one year after the evaluation. Tr. 24. Yet a

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 11

serum test three months after the evaluation was negative for cannabis. Tr. 451. The ALJ makes no mention of those results, nor does she indicate any evidence that Mr. Paulsen was using marijuana at the time he saw Dr. Neims. Thus, the ALJ's determination that Mr. Paulsen was using marijuana at the time he was evaluated by Dr. Neims was nothing more than speculation and cannot sustain her rejection of his opinion. *See* SSR 86-8p, 1986 SSR LEXIS 15 ("Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence.")

Finally, the ALJ erroneously rejects Dr. Neims' opinions because they were made prior to his application. Dr. Neims' evaluation falls within the alleged onset of Mr. Paulsen's disability, which Plaintiff stated was December 1, 2008. Tr. 13. Dr. Neims opined that the functional limitations were expected to last for 12 months <u>or longer</u>. Tr. 248. The ALJ did not adequately explain how more recent evidence contradicted this opinion, especially given the analysis of Dr. Fukuda's evaluations above. For these reasons, the ALJ erred in her analysis of Dr. Neims' opinions.

    3.   <u>State Consultant Dr. Eugene Kester</u>

Finally, Plaintiff objects to the ALJ's rejection of an assessment of Mr. Paulsen's residual functional capacity performed by state consultant Eugene Kester, M.D. Dr. Kester found that Mr. Paulsen was limited to work involving simple, repetitive tasks, in a "primarily independent work setting, w/ superficial social demands/interactions with supervisors, coworkers, and the general public." Tr. 85. The ALJ gave some weight to this opinion on the basis that it was consistent with Mr. Paulsen's functioning while sober, but then went on to state that Mr. Paulsen is "better accommodated with the above residual functional capacity." Tr. 25. It is unclear to the Court to what the ALJ is referring, except perhaps to one assessment

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 12

by Dr. Fukuda in March of 2012 in which Dr. Fukuda noted that Mr. Paulsen could take care of some daily living activities while sober. *Id.* Because it is unclear, the ALJ did not adequately explain how more recent evidence contradicted Dr. Kester's opinion, especially given the analysis of Dr. Fukuda's evaluations and Dr. Neims' opinion above.

Finally, the ALJ's hypothetical did not account for all of the limitations identified by Drs. Fukuda, Neims and Kester, and therefore her conclusion that Mr. Paulsen could work despite his limitations is not supported by substantial evidence. *Gallant v. Heckler*, 753 F.2d 1450, 1456-57 (9th Cir. 1984) (explaining that a vocational expert's testimony is not substantial evidence if the hypothetical question does not include all limitations supported by the record).

For all of these reasons, the ALJ erred in her conclusion that Mr. Paulsen is not disabled.

### 4. *The ALJ's Assessment of Plaintiff's Credibility*

The Court has already concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration. *See supra*. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence, which must be evaluated anew. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter.

## IX. CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings consistent with this Order. On remand, the ALJ shall reevaluate the medical and other opinion evidence, Mr. Paulsen's RFC, his credibility and, if necessary, steps two, three, four and five of the five step sequential evaluation.

Plaintiff may choose to re-contact the treating and examining sources for updated records and other medical source statements and obtain additional medical and vocational expert testimony to present at the hearing.

DATED this 8 day of April, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 14